Jason L. Solotaroff
Giskan Solotaroff & Anderson LLP
217 Centre Street
New York NY 10013
(646) 964 9640
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                    :
DAVID ROBINSON, DARRELL THOMAS,                                     :
and ABDULLAH GLOVER                                                 :
                                                                    :
                                Plaintiffs,                         :
                                                                    :
        - against -                                                 :
                                                                    :
CONSTRUCTION AND REALTY SERVICES                                    :
GROUP INC.                                                          :
                                Defendant.                          :
                                                                    :
------------------------------------------------------------------- X

## INTRODUCTION

This is an action brought under Employee Retirement Income and Security Act of 1974, 29 U.S.C.§§1001 et seq, by individuals, David Robinson, Darrell Thomas and Abdullah Glover (collectively "Plaintiffs"), who seeks to enforce their rights to information from the administrator of a welfare plan in which they reasonably believe they are participants or beneficiaries. Despite a written request, the Defendant Plan has failed and/or refused to respond in any manner to Plaintiffs, as described in greater detail below. As result, the Defendant is now liable to Plaintiffs in the form of both monetary and injunctive relief, pursuant to ERISA Section502(c)(1), 29 U.S.C.§1132(c)(1).

## THE PARTIES

1. Plaintiff David Robinson is a participant or beneficiary in the Construction and Realty Services Construction Group Inc. 401K Profit Sharing Plan (the "CRSG Plan" or the "Plan") who has, in writing, sought information to which he was legally entitled from the Administrator of that Plan.

2. Plaintiff Darrell Thomas is a participant or beneficiary in the Construction and Realty Services Construction Group Inc. 401K Profit Sharing Plan (the "CRSG Plan" or the "Plan") who has, in writing, sought information to which he was legally entitled from the Administrator of that Plan.

3. Plaintiff Abdullah Glover is a participant or beneficiary in the Construction and Realty Services Construction Group Inc. 401K Profit Sharing Plan (the "CRSG Plan" or the "Plan") who has, in writing, sought information to which he was legally entitled from the Administrator of that Plan.

4. Defendant Construction and Realty Services Group Inc. ("CRSG") is the "administrator" of the Local CRSG Plan as designated under ERISA Section 1001(15), 29 U.S.C. §1002(15). The Plan itself is an "employee welfare benefit plan" within the meaning of ERISA Section 1001(1), 29 U.S.C. §1002(1).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1).

6. Venue lies in this judicial district under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2) because the Plan is administered here.

## STATEMENT OF FACTS

7. David Robinson was employed as a laborer by Trade Off LLC, a subsidiary of CRSG, from June 2016 until June 2017 and Trade Off Plus LLC, another subsidiary of CRSG, from June 2017 until October 2017.

8. Plaintiff Darrell Thomas was employed as a laborer by Trade Off LLC, a subsidiary of CRSG, from May 2016 until November 2016 and Trade Off Plus LLC, another subsidiary of CRSG, from November 2016 until October 2018.

9. Abdullah Glover was employed as a laborer by Trade Off LLC, a subsidiary of CSR, from February 2015 to January 2018,

10. Plaintiffs Robinson and Thomas were told by Trade Off Plus supervisors that they were beneficiaries of the CRSG Plan. Plaintiff Glover received a statement from the CSRG indicating that he was a participant in the CRSG Plan. In addition, other employees employed as laborers for Trade Off and Trade Off Plus during the same period Plaintiffs were employed received statements showing they were beneficiaries of the CRSG Plan and had received benefits pursuant to CRSG plan.

11. Plaintiffs Robinson and Thomas, however, never received their own statements from the CRSG Plan. Although Plaintiff Glover received a statement from the CRSG Plan hit was unclear to him what period of time he was eligible for benefits and how is benefits had been calculated.

12. On or about September 27, 2017, Plaintiffs sent letters to Defendant seeking copies of the summary plan description ("SPD") for the CRSG Plan as well as statements of their benefits under the CRSG Plan.

13. Defendant did not send Plaintiffs either a SPD or statements of their benefits.

FIRST CAUSE OF ACTION
(Violation of §502(c) on behalf of David Robinson)

14. Plaintiffs restates and re-alleges the allegations set forth in paragraphs 1 to 10 of the Complaint, as though set forth in full herein.

15. Pursuant to ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), a participant or beneficiary may bring an action against an administrator who "fails or refuses to comply with a request for any information which such administrator is required … to furnish."

16. The same ERISA Section requires the administrator to respond to such information requests by mailing the requested material to the last known address of the requesting participant or beneficiary within 30 days after such request.

17. Failure to do so subjects the administrator, personally, to liability in the amount of up to $100 a day from the date such failure or refusal, and to such other remedies as the court deems just and proper.

18. The Defendant has failed to provide the information requested by Plaintiff Robinson as required under ERISA Section 502 and is subject to equitable and monetary relief as provided therein.

SECOND CAUSE OF ACTION
(Violation of §502(c) on behalf of Darrell Thomas)

19. Plaintiffs restates and re-alleges the allegations set forth in paragraphs 1 to 10 of the Complaint, as though set forth in full herein.

20. Pursuant to ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), a participant or beneficiary may bring an action against an administrator who "fails or

4

refuses to comply with a request for any information which such administrator is required … to furnish."

21. The same ERISA Section requires the administrator to respond to such information requests by mailing the requested material to the last known address of the requesting participant or beneficiary within 30 days after such request.

22. Failure to do so subjects the administrator, personally, to liability in the amount of up to $100 a day from the date such failure or refusal, and to such other remedies as the court deems just and proper.

23. The Defendant has failed to provide the information requested by Plaintiff Thomas as required under ERISA Section 502 and is subject to equitable and monetary relief as provided therein.

### THIRD CAUSE OF ACTION
(Violation of §502(c) on behalf of Abdullah Glover)

24. Plaintiffs restates and re-alleges the allegations set forth in paragraphs 1 to 10 of the Complaint, as though set forth in full herein.

25. Pursuant to ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), a participant or beneficiary may bring an action against an administrator who "fails or refuses to comply with a request for any information which such administrator is required … to furnish."

26. The same ERISA Section requires the administrator to respond to such information requests by mailing the requested material to the last known address of the requesting participant or beneficiary within 30 days after such request.

27. Failure to do so subjects the administrator, personally, to liability in the amount of up to $100 a day from the date such failure or refusal, and to such other remedies as the court deems just and proper.

28. The Defendant has failed to provide the information as requested by Plaintiff Glover as required under ERISA Section 502 and is subject to equitable and monetary relief as provided therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs David Robinson, Darrell Thomas and Abdullah Glover respectfully request this Court enter judgment in their favor:

A. Enjoining Defendant to provide the requested information;

B. Awarding them damages in the amount of $100 per day for every day (and still accruing) since October 30, 2017 which is the 30th day following their initial request for information from the Plan administrator.

C. Awarding Plaintiffs interest on such amounts.

D. Awarding Plaintiffs attorneys' fees.

E. Granting Plaintiffs such additional relief as this Court deems proper.

Dated: New York, New York
       June 18, 2018

Respectfully submitted,

GISKAN SOLOTAROFF & ANDERSON LLP

/s_____
Jason L. Solotaroff
217 Centre Street, 6th Floor
New York, New York 10004
(646) 964-9640

Counsel for Plaintiffs